IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| DORIS MAE DEY, ET AL, | CIVIL NO. 3:15CV00009 |
|---|---|
| *Plaintiffs,* | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| ROBERT M. ITEM, ET AL, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

The pro se Plaintiffs filed an application to proceed without prepaying fees or costs, along with a complaint. I hereby grant Plaintiffs' motion and dismiss the complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and 'to exclude suits that have no arguable basis in law or fact.'" *Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

Upon review of the complaint, Plaintiffs fail to state a legal claim upon which relief may be granted. Several weeks ago, Plaintiffs filed a complaint in forma pauperis, which I dismissed for failure to state a claim. The previous complaint contained enough information that I could discern that it involved an unlawful detainer proceeding against Plaintiffs after the foreclosure

sale of a property they inhabited.

The instant complaint includes a "STATEMENT OF CLAIM," which states the following (quoted verbatim):

> Plaintiff asserts that the above named Defendants[1] have caused immeasurable harm to the Plaintiffs and the people of the Commonwealth of Virginia. February 13, 2015. The court failed to consider a duly recorded motion by complainants as attached to the case as presented at the hearing on afore stated date. The complaints objected to proceeding at the hearing without servicing the aforementioned defendants as none where at the hearing as requested in the attached motion but judgement was rendered for possession for unlawful detainer. As stated First at the hearing we the complainants expressed Not unlawful retainer but, Ownership. The Loan servicer and Trustee both had received notirized request for veification of debt prior to the trustee sale and requesting a ten day responce. As of the date never any responce.

The complaint continues with a handwritten section that states, "As we seek adjudication in a court having proper jurisdiction and not one such as a General District not having subject matter jurisdiction." The next page states the following: "Request for stay of any writ from lower court until adjudicated."

The next (and final) page states as follows (quoted verbatim):

**CONCLUSION**

> In light of all the foregoing facts it is quite evident that the Defendants have violated dew process and acted in bad faith by denying Plaintiffs their unalienable rights and having caused immeasurable harm to not only the Plaintiffs but to the Plaintiff's family, client's and the public at large. Plaintiffs have properly state a claim upon which relief can be granted therefore and thereby eradicating any attempt by the Defendants to file a standard frivolous Motion to Dismiss response pursuant to Rule 12(b) by falsely claiming Plaintiffs have not stated a claim upon which relief can be granted.

**PRAYER FOR RELIEF SOUGHT**

---

[1] The style of the complaint lists the following defendants: "Robert M. Item c/o Argent Development LLC"; "Daniel Delpesche c/o Ocwen Loan Servicing LLC Trustee Services of Virginia LL"; and "Brock & Scott LLC."

> a.i.1. Plaintiffs are seeking actual, general, punitive, compensatory and special damages to be determined at a trial by jury.
>
> a.i.2. For Declaratory Relief, including but not limited to the following decrees of the court that:
>
>> a) Plaintiffs are the prevailing party.
>>
>> b) That Plaintiffs never engaged in any wrongdoing but constitutionally protected conduct.
>>
>> c) Compensate Plaintiffs $3 million dollars each for civil rights violation, abuse of power, emotional distress, mental anguish and public embarrassment.
>>
>> d) Injunction filed against Defendant's to deter future from committing similar felonious acts.

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers"). A court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). A plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988).

Plaintiffs are advised that, although "detailed factual allegations" are not required, the "obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; in other words, their "factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).[2] Accordingly, courts are entitled to dismiss claims when the pleadings are "conclusory." *Id.*, 556 U.S. at 681 ("To be sure, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

For these reasons, the motion to proceed in forma pauperis is **GRANTED**, and the Clerk of the Court is **DIRECTED** to file the complaint, which is hereby **DISMISSED without prejudice**, and the case is **STRICKEN** from the court's active docket.

It is so **ORDERED**.

The Clerk is further **DIRECTED** to send a certified copy of this order to the pro se

---

[2] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))). Rule 8(a)(1) calls for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiffs.

Entered this \_\_6th\_\_ day of March, 2015.

                                                 /s/ Norman K. Moon
                                                 NORMAN K. MOON
                                                 UNITED STATES DISTRICT JUDGE